ORIGINAL
COPY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF NEW YORK

ANTHONY RUGGIERO ,

        **Plaintiff** ,              **JURY TRIAL DEMANDED**

        -V-                  **23-CV-0229(JLS)**

DONALD D. ROGERS , et al. ,        **FIRST AMEMDED COMPLAINT**

_____**Defendants.**_____

DONALD D. ROGERS , Correction Officer , Attica C.F. ,

MARK E. CARROW , Correction Officer , Attica C.F. ,

JOSEPH H. NOETH , Superintendent , Attica C.F. ,

LENA RUSSI , Deputy Superintendent for Programs , Attica C.F. ,

THEA HALE , Nurse 2 , Attica C.F. ,

RICHARD TENBRICK , Dentist 2 , Attica C.F. ,

T.M. FINNERTY , NYSDOCCS , Commissioner's Hearing Officer ,

JAMES A. O'GORMAN , Deputy Commissioner , NYSDOCCS ,

ANTHONY J. ANNUCCI , Commissioner , NYSDOCCS ,

DANIELLE DILL , Director , NYS OMH ,

UNITED STATES DISTRICT COURT
FILED
JUL 2 9 2024
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

Sued in their Individual Capacities , defendants.

## INTRODUCTION

This is a civil rights action filed by Anthony Ruggiero , an ex-state prisoner seeking compensatory and punitive damages under 42 U.S.C. Section 1983 , alleging excessive use of force , wanton infliction of pain , sexual assault , denial of dental treatment , denial of due process , and application of a written unconstitutional policy , all in violation of Plaintiff's rights protected under the Fourth , Fifth , Eighth , and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

1) The Court has jurisdiction over the Plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. subsections 1331(1) and 1334.

2) All of the claims arose at the Attica Correctional Facility which is within the jurisdiction of the Western District Court.

## PARTIES

3) Plaintiff's current mailing address is 400 Flower Road , Apt.9B Valley Stream , New York 11581.

4) The plaintiff was housed at the Attica Correctional Facility 639 Exchange Street Attica , New York 14011-0149 (hereinafter "Attica C.F." ) , at all times relevant to the events described in the complaint.

5) Defendant Donald D. Rogers was at all times relevant herein employed as a correction officer at Attica C.F. He is being sued in his Individual Capacity.

6) Defendant Mark E. Carrow was at all times relevant herein employed as a correction officer at Attica C.F. He is being sued in his Individual Capacity.

7) Defendant Joseph H. Noeth was at all times relevant herein employed as the Superintendent for Attica C.F. He is being sued in his Individual Capacity.

8) Defendant Lena Russi was at all times relevant herein employed as the Acting Deputy Superintendent for Programs at Attica C.F. She is being sued in her Individual Capacity.

9) Defendant Thea Hale was at all relevant times herein employed as Nurse 2 at Attica C.F. She is being sued in her Individual Capacity.

10) Defendant Richard Tenbrick was at all times relevant herein employed as a dentist at Attica C.F. He is being sued in his Individual Capacity.

11) Defendant T.M. Finnerty was at all relevant times herein employed as a Commissioner's Hearing Officer. His employment address is New York State Department of Corrections and Community Supervision State Office Building Campus , Building No.2 , 1220 Washington Avenue Albany , New York  12226 (hereinafter "NYSDOCCS"). He is being sued in his Individual Capacity.

12) Defendant Anthony J. Annucci was at all relevant times herein the Acting Commissioner for NYSDOCCS. He is being sued in his Individual Capacity.

13) Defendant James A. O'Gorman was at all times relevant herein employed as a Deputy Commissioner for NYSDOCCS. He is being sued in his Individual Capacity.

14) Defendant Danielle Dill was at all times relevant herein employed as the Director of Central New York Psychiatric Center , Old River Road Box 300 , Marcy New York 13404-0300 which is her employment address. She is being sued in her Individual Capacity

15) All of the defendants have acted under color of state law at all times relevant to this complaint.


## FACTS AND CAUSES OF ACTION

16) Just prior to June 5, 2020 at the Attica Correctional Facility in A-Block , security staff had been targeting the "white" table for several weeks by harassing the 6-8 white inmates , including the plaintiff , who own that table. They were pulling us one by one from the yard daily , conducting excessive frisks , while at the same time leaving all the other inmate races alone. Discriminatory frisking. There was tension between the staff and us. That is the back story leading up to the constitutional violations. Security staff were acting and talking tough towards plaintiff and his associates.

17) On June 5 , 2020 , inside the Attica C.F. A-Block recreation yard at approximately 7:10 p.m. , I was instructed to report to the platform by defendants Rogers , Carrow and another correction officer.

18) were talking tough and threatening to beat me when we got inside.

## EIGHTH AMENDMENT EXCESSIVE USE OF FORCE CLAIMS AGAINST DEFENDANTS

## ROGERS AND CARROW

19) After being threatened with a beating by defendants Rogers and Carrow , I panicked and ran in to the middle of the yard , BUT THEN I STOPPED DEAD AND PUT MY HANDS UP IN THE AIR IN SURRENDER POSTURE , WITH MY BACK TO DEFENDANTS ROGERS AND CARROW.

20) Right at that point defendant Rogers whom on this date was about 6'4 in height and at least 270 pounds vs. the plaintiff who is 5'7 and 170 pounds , could have simply handcuffed the plaintiff and taken him in.

21) Instead , defendant Rogers executed  a LEAPING FOREARM SMASH TO THE BASE OF PLAINTIFF'S SKULL , WITH SUCH FORCE THAT PLAINTIFF'S LEGS FLEW OUT FROM UNDER HIM. I WAS ALMOST KNOCKED UNCONSCIOUS. Later that night plaintiff suffered headaches , nausea and vomiting. And these symptoms are consistent with a person that has sustained a concussion. And I know this because I had sustained a concussion many years ago in a minor traffic accident. Despite my complaints to medical staff , no medical attention was forthcoming.

22) Defendant Rogers smashed plaintiff in the base of his skull with his forearm WITH MALICE AND INTENT TO CAUSE THE PLAINTIFF BODILY HARM. AND I ONLY KNOW WHAT THEY DID TO ME AND HOW THEY DID IT, IS BECAUSE I WATHCHED THE VIDEO FOOTAGE AT THE DISCIPLINARY HEARING.

23) Thereafter, I was pinned face down by defendant Rogers and another officer, when defendant Carrow arrived, he took my left hand with both of his, presumably to apply mechanical restraints, then drops my hand, pulls out his pepper spray, and then SPRAYED ME POINT-BLANK RANGE IN THE FACE AND MOUTH WITH OC PEPPER SPRAY. AND HE DID IT WITH MALICE AND INTENT TO BURN MY FACE AND CAUSE ME PHYSICAL AND BODILY HARM. His actions are also captured on this video.

24) Defendants Rogers and Carrow used excessive force without justification against a non-resistant plaintiff, thereby violating plaintiff's rights protected under the 8th Amendment to the United States Constitution.

**PLAINTIFF'S FIRST EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANTS ANNUCCI, O'GORMAN, DILL AND RUSSI FOR CREATING, AUTHORIZING, APPROVING AND PROMULGATING MANDATORY SUICIDE PREVENTION SCREENING NYSDOCCS' DIRECTIVE AND POLICY NO.3152 UPON THE PLAINTIFF**

**PERSONAL INVOLVEMENT**

25) Defendant Annucci is personally involved in the constitutional violations caused by Directive 3152 , pursuant to NYSDOCCS Directive No.0001 , the Commissioner has ultimate authority over all department directives.

26) Defendant O'Gorman signed his name Directive 3152 as the "Approving" authority.

27) Defendant Dill was aware and had knowledge of Directive 3152. This policy and directive is a collaboration between her office and NYSDOCCS.

28) Defendant Russi authorized and applied Directive 3152 against the plaintiff on June 5, 2020 and is therefore culpable in the constitutional violations.

29) Directive 3152 is a PRE-SPECIAL HOUSING UNIT -SUICIDE PREVENTION SCREENING. THREE QUESTIONS ARE ON THE FORM 3152 THAT THE SHU SERGEANT ASKS ANY INMATE THAT IS BEING ADMITTED TO A SPECIAL HOUSING UNIT. THE QUESTIONS ARE:

   a) DO YOU HAVE ANYTHING TO LIVE FOR OR LOOK FORWARD TO?

   b) DO YOU WANT TO HURT YOURSELF?

   c) DO YOU THINK YOU CAN COPE WITH YOUR SHU TIME?

30) THE FORM 3152 ALSO INDICATES IF AN INMATE DOES NOT ANSWER THESE THREE QUESTIONS A REFFERAL WILL BE MADE TO THE MENTAL HEALTH UNIT.

31) On June 5, 2020 after being smashed in the base of the skull and pepper-sprayed , a Sergeant asked me the above three questions PRIOR TO BEING ADMITTED TO THE SHU AND I REFUSED TO ANSWER HIS QUESTIONS. I WAS NOT UNDER ANY

PSYCHIATRIC CARE , AND CERTAINLY WAS NOT TAKING ANY PSYCHIATRIC MEDICATION. I DID NOT AND WAS NOT ACCUSED OF DISPLAYING ANY IDEATIONS OF SUICIDE VERBALLY OR IN BEHAVIOR. YET AT THAT POINT I WAS MANDATED TO THE AUSPICE OF THE NYS OFFICE OF MENTAL HEALTH.

32) **Plaintiff asserts that defendants Annucci , O'Gorman , Dill and Russi knowingly and willingly allowed plaintiff to be placed in the SHU — APPARENTLY THE CONDITIONS OF WHICH THEY KNEW WERE SO ABYSMAL AND DEPARAVED , THAT PLAINTIFF COULD COMMIT SUICIDE. BASED ON THE THREE QUESTIONS AND THEIR RESPONSE WHEN I REFUSED TO ANSWER. That is my first Eighth Amendment claim related to Directive and Form entitled 3152.**

## PLAINTIFF'S SECOND EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS ANNUCCI , O'GORMAN , DILL AND RUSSI AND THEIR DIRECTIVE 3152

33) Plaintiff refused to answer the three questions. And then THE REFERRAL KICKED IN. UH OH. On June 5, 2020 plaintiff was taken to the "Octagon" handcuffed behind the back , pinned faced down again by several correction officers and a Sergeant on the floor , clothes cut off , THEN ROLLED AROUND ON THE FLOOR NAKED Side to side . Side to side. AND THEN A CORRECTION OFFICER SPREAD PLAINTIFF'S ASS CHEEKS AND PALPATATED PLAINTIFF'S ASSHOLE. BECAUSE **THEY HAVE TO SAVE ME. THAT IS HOW THEY SAVED THE PLAINTIFF FROM HIMSELF. BY SEXUALLY ASSAULTING THE PLAINTIFF.**

34) Defendants Annucci , O'Gorman , Dill , and Russi and their Directive 3152 caused the Sexual Assault. THIS IS NOT ABOUT SEARCHING FOR CONBTRABAND. THIS IS HAPPENING BECAUSE THEY ARE GOING TO DEPRIVE ME OF MY CLOTHING AND EVERYTHING ELSE. Because I did not answer the three questions.

35) Defendants Annucci , O'Gorman , Dill and Russi and their Directive 3152 violated plaintiff's rights protected under the 8th Amendment to the United States Constitution by creating , approving , promulgating and authorizing Directive 3152 that caused this sexual assault and attempted sodomy. Solely because I refused to answer the three questions.

36) Defendants Annucci , O'Gorman , Dill and Russi violated Plaintiff's Due Process rights protected under the 14th Amendment to the United States Constitution by creating , authorizing , promulgating and applying this unconstitutional policy Directive 3152 , because I did not answer the three mental health questions I was deprived of the following and would have remained deprived of the following without Due Process.

37) From June 5 , 2020 through June 8 , 2020 , plaintiff was housed in a strip-cell as direct result of my refusal to answer the three mental health questions. Nothing in the cell except a bare tear-proof mattress , and a tear-proof smock. No sheets , no blanket , no pillow , not even toilet paper. No books , no mental stimuli , nothing. No mail. No phone calls. THE CONDITIONS IN THE STRIP-CELL WERE 10 TIMES WORSE THAN THE AVAERAGE Special Housing Unit conditions.

38) I was informed by OMH staff that I would remain in that state of "limbo", and my SHU sentence does not begin until I am released from Suicide watch. And in Order to get released, I have to give them, THE CORRECT ANSWERS TO THE THREE QUESTIONS.

## 4TH AMENDMENT ILLEGAL SEARCH AND SEIZURE AND 5TH AMENDMENT RIGHT TO REMAIN SILENT CLAIMS AGAINST DEFENDANTS ANNUCCI, O'GORMAN, DILL AND RUSSI AND THEIR DIRECTIVE 3152

39) My clothing and everything else was SEIZED because I refused to give correct answers to the three mental health questions. I had just been the victim of excessive force and chemical agent. At that time, I do not know whether or not these defendants are going to lodge false penal law offenses against me. That happens almost daily in these prisons. I HAVE A RIGHT TO REMAIN SILENT. AND IT DOES NOT MATTER THE NATURE OF THE QUESTIONS THAT ARE POSED TO ME FROM LAW ENFORCEMENT. I HAVE A RIGHT TO REMAIN SILENT REGARDLESS OF THE NATURE OF THE QUESTIONS.

40) I was placed under pressure, by virtue of Directive 3152, and the conditions of the strip-cell, under extreme duress. And after three days of extreme deprivation did I give them the correct answers to the three mental health questions. And now they are being sued for it.

41) Defendant Noeth for his part in the furtherance of applying Directive 3152 upon the plaintiff , HE PLANNED THE SEXUAL ASSAULT AND ATTEMPTED SODOMY. This is not a conclusory statement. HE ACTUALLY PLANNED THE HANDCUFFING BEHIND THE BACK , THE PLACING OF PLAINTIFF FACE DOWN ON THE FLOOR , THE CUTTING OFF OF MY CLOTHES , THE ROLLING ME AROUND ON THE FLOOR NAKED , THE SPREADING OF MY BUTT CHEEKS. These are described as tactics in the Unusual Incident Report related to this claim and incident. NYSDOCC's UI REPORT INDICATES DEFENDANT NOETH AS THE PLANNER OF THIS TACTICAL PROCEDURE. And that is how he is personally involved in the constitutional violations.

## 14TH AMENDMENT DUE PROCESS VIOLATIONS CLAIM AGAINST DEFENDANTS FINNERTY

42) Plaintiff was issued two separate misbehavior reports , one for the incident in the Recreation Yard dated June 5, 2020 , and a second dated June 6, 2020 for an alleged incident that occurred while in the strip-cell.

43) Plaintiff has permanent nerve damage in his right arm and hand from a botched surgery in 2013. Nerves in my brachial plexus were stretched , and I sustained a traction injury.

44) When I am Handcuffed behind my back , I experience moderate to severe pain , and then after awhile of being handcuffed behind my back , numbness.

45) I had two reports to fight , there were multiple staff involved , I had questions written for potential witnesses , there were related reports , I had a lot of paperwork I had brought to the hearing , pages and directives that I had TO HANDLE , MANIPULATE I TO HANDLE AND TURN DURING THE HEARING.

46) On June 17, 2020 , the Hearing began. I was escorted by security staff handcuffed behind the back , placed in a little iron cage , opposing the Hearing Officer's desk. There is a hatch built into the door of the cage I was in for the very purpose of removing or applying mechanical restraints.

47) Between myself and the Hearing Officer's side are criss-cross iron bars , and about a half-inch thick panel of Lexon glass. So , IN NO WAY COULD PLAINTIFF THROW ANYTHING ON DEFENDANT FINNERTY.

48) Prior to defendant Finnerty activating the recording device , he started asking me questions , "Where am I from?" , "When am I getting out?". Then tells me that he is a "fair guy" , and that I can ask other inmates to confirm that he is a "fair guy".

49) I perceived this as his "pitch" for me to plead guilty , SO HE DOES NOT HAVE TO PROVIDE ME WITH DUE PROCESS AND GO THROUGH ALL OF MY DEFENSES AND WITNESSES , ETC. ETC. , If I cooperate with him and make his job easy , then he will be lenient and impose a shorter SHU sentence. Because I did not cooperate HE WENT AHEAD AND VIOLATED MY DUE PROCESS RIGHTS.

50) No. I fight all my hearings , charges , indictments , etc. etc. Whether it be in criminal court or at a prison disciplinary hearing. I did not acquiesce , and told him to turn the recorder on.

51) I proceeded to participate in the hearing on the 17th of June 2020 , AND AGAIN ON JULY 7, 2020 , HANDCUFFED BEHIND THE BACK. We reviewed video and audio tape. AND I CONTINUED TO PARTICIPATE UP UNTIL THE POINT WHERE I HAD TO ACCESS AND MANIPULATE MY PAPERWORK.

52) Over and over I made objections on the record and repeatedly requested that the handcuffs be removed. DENIED. I also requested I be assigned an assistant to manipulate and turn my papers for me. DENIED.

53) On July 7, 2020 after about an hour of being handcuffed behind the back while defendant Finnerty left to do something else , I told him he will have to finish the hearing by himself if I remain handcuffed behind my back and unable to conduct my defense.

54) Defendant Finnerty violated plaintiff's rights protected under the Due Process Clause of the 14th Amendment to the United States Constitution. By keeping the plaintiff handcuffed behind his back , under pressure , pain and duress , unable to access my notes , written questions for witnesses , internal reports , directives , etc. etc. , THEREBY PREVENTING PLAINTIFF FROM CONDUCTING HIS DEFENSE.

55) According to the Inmate Grievance Program response , need merely tell security staff to remove the handcuffs.

56) Additionally , defendant Finnerty told me that this is his "policy" , and I grieved it as his policy , BUT IT IS NOT A POLICY. IT IS A POLICY MEANT ONLY FOR ME.  Other inmates were also going through their hearings AND NONE OF THEM WERE KEPT HAND CUFFED BEHIND THEIR BACKS DURING THE HEARING. AND I KNOW THIS BECAUSE I ASKED THEM AND THEY TOLD ME.

## EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANT HALE

57) The night of June 5, 2020 through the morning of June 6, 2020 , after getting smashed in the base of my skull , and while inside the strip-cell , plaintiff experienced headache , dizziness , nausea and vomiting.

58) I complained to staff on the rounds , the night of June 5, with no response because THE MEDICAL AND SECURITY STAFF ALL KNOW WHY I WAS THERE AND ABOUT THE INCIDENT IN THE YARD AND I AM ON THE ASSHOLE LIST AS FAR AS THEY'RE CONCERNED AND I GET NOTHING. VERY SIMPLY , THAT IS HOW THAT GOES.

59) Again for second time that morning I stopped defendant Hale and informed her that I had been vomiting. She said I should have "saved it" to show her. Then an argument ensued. I kept asking to see the doctor , I could have head trauma.

60) Defendant Hale violated plaintiff's rights protected under the 8th Amendment to the United States Constitution by displaying a deliberate indifference to plaintiff's health. She refused to notify the facility doctor about plaintiff's subjective complaints of dizziness , nausea , head pain and vomiting after she knew that I was

a victim of use of chemical agent and excessive force , she would not even take vitals.

## 14TH AMENDMENT DUE PROCESS VIOLATION CLAIM AGAINST DEFENDANT HALE , AND PLAINTIFF'S SECOND 14TH DUE PROCESS VIOLATION CLAIM AGAINST DEFENDANT FINNERTY

61) Defendant Hale , after plaintiff demanded medical attention , fabricated a misbehavior report alleging threats and I commented about her appearance , etc. , etc. She then conspired with defendant Finnerty , gave false testimony that she knew was false at the hearing , and then defendant Finnerty references an audio tape that supports her testimony , however , plaintiff KNOWS NO SUCH RECORDING EXISTS.

62) Defendant Finnerty violated plaintiff's rights protected under the 14th Amenment to the United States Constitution knowingly and willingly entering fraudulent evidence into the hearing record , he was biased to the point of turning the hearing into a sham.

63) Plaintiff was found guilty of all the charges on both reports and sentenced to , inter alia , 9 months Special Housing Unit , which was reduced to 7 months administratively.

## WAIVER OF CHALLENGE TO LOSS OF GOODS TIME CREDITS

64) Plaintiff hereby waives and relinquishes any and all challenges to the recommended loss of good time credits related to the two misbehavior reports dated June 5, 2020 and June 6, 2020.

## ATYPICAL AND SIGNIFICANT HARDSHIPS , ABNORMAL SPECIAL HOUSING UNIT CONDITIONS

65) Security staff , acting inn collusion , would  until the food trays arrive , then take me out to the cage/pen for my one hour of outdoor exercise , take the lid off my tray , and leave it in my cell

66) I would come back from the rec. pen , food ncold , hot cereal conghealed , the tray open and exposed to the open air , several times there were flies crawling around in my food. Staff would "schedule" my one hour of outdoor exzercise intentionally around either breakfast or lunch. The other inmates were going out also , but between breakfast and lunch. This continued from June 8, 20209 through August 30, 2020 , the date I was transferred out of the Attica Special Housing Unit.

67) During my time spent in the Attica SHU , from June 8, 2020 through July 10,2020 the entire front of my cell was boarded up with Lexon glass. Plaintiff suffered extreme record breaking hot temperatures as a result of the front of the cell being boarded up. All in violation of plaintiff's Due Process rights.

## 8TH  AMENDMENT DELIBERATE INDIFFERENCE CLAIMS FOR DENIAL OF DENTAL TREATMENT AGAINST DEFENDANT TENBRICK

68) As of August 19, 2020 plaintiff had a need for multiple cavity fillings , and partial dentures , while housed at the Attica C.F>

69) The need for these services was identified by defendant Tenbrick upon examination of my teeth.

70) Pere NYSDOCCS Policy and Dental Directive fillings and cleaning are to be done prior to begin the process for obtaini9ng dentures.

71) After waiting many months , I wrote the Attica C.F. dental department for treatment status. I received a written response of : "NO NEED TO WRITE THEM ABOUT IT. I WILL BE CALLED IN TURN."

72) I had three cavities in three different teeth , ALL MOLARS OR PRE-MOLARS.

73) Defendant Tenbrick displayed a deliberate indifference to plaintiff's serious dental issues. I suffered tooth pain , and tooth/teeth degeneration. From August 2019 through August 5, 2020-about one year-WITH NO DENTAL TREATMENT AT ALL.

74) One of the teeth identified with carion identified by defendant Tenbrick had to be extracted on October 29,2020 , at another facility.

75) And then a short period of time later the other two molars or pre-molars had to be extracted.

76) Defendant Tenbrick violated plaintiff's rights protected under the 8th Amendment to the United States Constitution.


**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

77) Plaintiff avers he has exhausted all administrative remedies to the highest level of appeal with  no relief obtained. Plaintiff attaches the following documentation as proof of exhaustion:

78) Attachment A -  is Attica C.F. Grievance – A-1063-20 and  appeal responses pertaining to plaintiff's excessive use of force claims against defendants Rogers and Carrow.(4 pages)

79) Attachment B – is Attica Grievance A-1054-20 and  appeal responses relating to plaintiff's claims against defendants Annucci , O'Gorman , Dill and Russi , Noeth and their Directive 3152 , and the sexual assault.(5 pages)

80) Attachment C – is Attica C.F. Grievance A1203-20 and appeal responses relating to plaintiff's Due Process violation claims against defendant Finnerty  , and keeping plaintiff handcuffed behind his back for the entire disciplinary hearing.(4pages)

81) Attachment D – is plaintiff's Superintendent Hearings Appeal statement and related responses and denials.(5 pages)

82) Attachment E – is Attica C.F. Grievance A1191 and appeal responses related to plaintiff's food being left exposed and open to air unpurpose.(4 pages)

83) Attachment F – is plaintiff's appeal statements and one response from the Deputy Superintendent for Security relating to the front of plaintiff's cell being boarded up with Lexon , and the torturous conditions and hot temperatures it caused. In addition to related meteorological data printout indicating record breaking hot temperatures during all times relevant.(6 pages)

84) Attachment G – Attica C.F. Grievance A1200-20 and appeal responses relating to plaintiff's claims against defendant Tenbrick and my deliberate indifference to my dental needs against him , in addition to plaintiff's inquiry and the dental department's response.(6 pages)

### PRAYER FOR RELIEF

85) Plaintiff demands a jury trial.

86) Plaintiff requests the Court direct service of plaintiff's First Amended Complaint and summons by U.S. Marshal's service in accordance with plaintiff's previously granted poor person status.

87) Plaintiff requests the Court direct all the defendants to respond to the first amended complaint.

88) Plaintiff demands $ 1,000,000.00 (one-million dollars) in compensatory damages from and against defendant Rogers for smashing me in the base of my skull causing concussion.

89) Plaintiff demands an additional $ 25,000 (twenty-five thousand dollars) in punitive damages from defendant Rogers because he intended to harm the plaintiff.

90) Plaintiff demands $ 1,000,000.00 (one-million dollars) in compensatory damages from and against defendant Carrow for intentionally and with malice spraying me at point-blank range in the face whilst plaintiff was face down semi-conscious with three correction officers on my back, with malice and intent to cause me harm.

91) Plaintiff demands an additional $ 25,000 in punitive damages from defendant Carrow because he meant to harm the plaintiff.

92) Plaintiff demands $ 10,000,000.00 (ten-million dollars) in compensatory damages from and against defendants Annucci , O'Gorman , Dill , Russi and Noeth jointly and separately for the multitude of constitutional violations of plaintiff's rights by creating , authorizing , approving , promulgating and applying Directive and Form 3152 upon the plaintiff.

93) Plaintiff demands an additional $500,000.00 (five-hundred thousand dollars) in punitive damages from defendants Annucci , O'Gorman , Dill , Russi and Noeth for creating a policy and directive that caused to plaintiff to be sexually assaulted by their subordinate corrections officers.

94) Plaintiff demands $ 1,000,000.00 )one-million dollars) in compensatory damages from and against defendant Tenbrick for displaying a deliberate indifference  to plaintiff's serious dental issues and needs.

95) Plaintiff demands 10,000,000.00  (ten-million dollars) in damages jointly and separately against all of the defendants  for emotional pain and mental anguish associated with being bashed in the back of the head  the head , unjustifiably sprayed point-blank range in the face , sexually assaulted , 7 months in solitary confinement , and the ultimate loss of three major teeth that could presumable have been saved , and all the pain and suffering associated with the above.

96) Plaintiff demands $ 1,000,000.00 (one-million dollars) in compensatory damages from and against defendant Finnerty for violating plaintiff's Due Process rights.

97) Plaintiff demands $ 1,000,000.00 (one-million dollars) in compensatory damages from and against defendant Hale for intentionally depriving plaintiff of medical attention after plaintiff endured excessive force and chemical agent attack.

Wherefore , plaintiff prays for judgment in his favor against all the defendants as to all of his claims , and for such other and further relief as to the Court may seem just , proper and equitable.

Respectfully submitted ,

Dated : July 27 , 2024

Anthony Ruggiero , Plaintiff Pro se

# ATTACHMENT A

June 11, 2020

To: Inmate Grievance Resolution Committee   Attica C.F.

From: Anthony Ruggiero #99A4419
C-E-8 cell SHU

Description of Problem: June 5, 2020, while in A-block yard, I was approached by several corrections officers. And told to report to the platform. The last two days staff were targeting the 8 white inmates at the "white table."

While they were following behind me to the platform, staff were threatening me with bodily harm. I got nervous and panicked and ran to the middle of the yard, but then stopped and put my hands up. Then I sustained a leaping forearm smash to the base of my skull, pinned face down by numerous officers. then sprayed point blank range in the face with pepper spray and hit in the head with a baton. Alot of the spray went in my mouth. Then a hood/mask was arbitrarily placed on me. Face burning from the spray, and now the hood/mask, I could not breathe. I am a life long Asthmatic.

pg. 2 Grievance date June 1, 2020
       Excessive Use of Force / Assault

Thereafter, I had to undergo the
Boss Chair and all kinds of "security"
measures to prolong the decontamination
process. by design, so the spray
stays on my face for as long as
possible.

Action Requested: OSI investigation,
and monetary compensation for the
cruel and unusual punishment I
endured in violation of my 8th
Amendment Rights.

                    Grievant Signature,

                    Anthony Ruggero # 99A4419

CC: File

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | Grievance No. A-1063-20 | Date Filed 6/15/20 |
|---|---|---|
| | Facility Attica Correctional Facility | Policy Designation Institutional |
| | Title of Grievance Staff Misconduct | Class Code 49 |
| INMATE GRIEVANCE PROGRAM | Superintendent's Signature *Pat Cull FPS* | Date 8/3/20 |
| Grievant A. Ruggiero | Din# 99A4419 | Housing Unit RB-CE-8 |

Grievance is denied based upon the information provided.

Lieutenant B. investigated this complaint.

The investigation included an interview of the grievant and named staff members.

When interviewed, the grievant did not add any additional information or provide any witnesses.

Named staff denied all allegations and provided written memorandums to that effect.

The investigating Supervisor found no evidence of staff misconduct. This incident is a documented unusual incident and use of force. Video of the incident was reviewed. The grievant was found guilty of his actions in a Tier III hearing. When the grievant complained the water was too hot, during the decontamination process, Sergeant O. had the water adjusted immediately.

Based on the information provided, the grievance is denied. There is no evidence to substantiate any allegations of staff malfeasance made by the grievant.

---

### APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.  * Please state why you are appealing this decision to C.O.R.C.

I stand by my assertions contained in my original Grievance as the bases of my appeal

_Anthony Ruggiero_
Grievant's Signature

August 13, 2020
Date

_____
Grievance Clerk's Signature

_____
Date

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

Ruggero, A 99A4419 Great Meadow

| NEW YORK STATE **Corrections and Community Supervision** | Grievance Number A-1063-20 | | Desig./Code I/49 | | Date Filed 06/15/20 |
|---|---|---|---|---|---|
| | Associated Cases | | | | Hearing Date 01/14/21 |
| ANDREW M. CUOMO Governor    ANTHONY J. ANNUCCI Acting Commissioner | Facility **Attica Correctional Facility** | | | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance **Assault/Discrimination** | | | | |

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that this matter has been properly investigated by the facility administration, and that the grievant was involved in an appropriately documented Unusual Incident (UI) and Use of Force (UOF) on 6/5/20 after he was observed handling an unknown object in the yard and refused to comply with a pat frisk. He was seen by medical staff following the incident with a superficial scratch on his left shoulder. It is further noted that he was properly decontaminated at the facility infirmary as O.C. pepper spray was deployed, and the water temperature was adjusted after the grievant stated it was too hot. Staff named in the UI/UOF deny assaulting the grievant or threatening him and indicate that only the force necessary to gain his compliance was used. Sgt. Mo... indicates that he gave direction to staff to have the grievant escorted from the yard due to the appearance that he was in possession of contraband and notified Sgt. Mu...of his findings and denies racially discriminating against him. CORC also notes that the grievant refused to comply with a strip frisk when admitted to SHU and force was used to gain compliance and his clothes were cut off using safety scissors. Sgt. O... notes that the grievant refused to answer all questions when screened for SHU admission and he was placed in a smock and moved into an RCTP cell with all approved items and denies the grievant being placed in a cell or escorted naked. CORC finds insufficient evidence of malfeasance by staff.

CORC notes that the grievant's 6/5/20 Tier III misbehavior report was upheld upon appeal by the Office of Special Housing/Inmate Discipline on 8/19/20. CORC advises the grievant that he was solely responsible for his actions while in the Department's custody. In addition, CORC asserts that there is no provision in Directive #4040 for the grievance program to be used as an additional or secondary appeal mechanism for a misbehavior report.

CORC asserts that monetary damages are not an available remedy through the inmate grievance mechanism. CORC upholds the discretion of the facility administration to determine when to review video or audio recordings for grievance investigations.

With respect to the grievant's appeal, CORC finds insufficient evidence to substantiate violations of Department policy, improper medical care or malfeasance by staff and notes that he has since been transferred.

MXV/

-----------------------------------------------------------------------------------------------------
-----------------------------------------------------------------------------------------------------

This document has been electronically signed by Shelley M. Mallozzi

# ATTACHMENT
# B

<u>June 11, 2020</u>          1054-20

To: Inmate Grievance Resolution
Committee    Attica C.F.

From: Anthony Ruggiero #99A4419
                    C - E - 8 cell SHU

Description of Problem: I am challenging
the arbitrary involuntary commitment
to rubber room & striped naked
"Policy" that upon admission to
an SHU, if an inmate cannot / or
refuses to answer the Correction
Sergeants 3 questions: ① Do you
think you can cope with your SHU
time? ② Do you want to hurt
yourself. ③ Do you have anything
to live for or Look forward to?
        First. on June 5, 2020. I was
washing the pepper spray out of
my eyes when I was asked these
questions. I responded that can
wait until after I See medical.
        And of course I was striped
naked by force - RAPED - by

pg. 2  Grievance  6-11-2020

Corrections Officers - thrown naked
in a cell with nothing in it for almost
4 days, until Monday morning.
And the only way out of that
was to tell OMH staff - I don't
want to kill myself. I can cope
with the SHU time and I have
things to look forward. And if
I did not pledge allegiance
then I would be held in that
cell naked - no soap - showers
No toothpaste - nothing - just
food - Until I Pledged Alle-
geance. Physical and psycholo-
gical torture.

I do not have an open MHU
File. I do not take psyche meds.
I am a level 6. I do not
require mental health services.
There is no regulation, there
is no rule - there is no statute,
that gives a Correction SGT.

pg. 3        Grievance  6-11-2020

the Authority to involuntary commit Plaintiff to a mental institution - Because I Don't Want to talk to him.

The policy Violates plaintiff's 14th Amendment Rights. Unless Plaintiff displays or states verbally some kind of Suicidal IDEATION, I CANNOT BE COMMITTED TO AN INSANE ASYLUM.

Action Requested: Monetary Compensation. That this policy be abolished.

Grievant Signature,

Anthony Ruggiero

Anthony Ruggiero *99A4419

cc: file

**Response of IGRC:** Grievance is DENIED.

Per Directive #4040 §701.5 (b)(2)(ii)(a) this grievance was heard in absentia because the grievant is in SHU/Long Term Keep Lock.

Grievant is advised that the Inmate Grievance Program is not an outlet for monetary compensation, damages, or reimbursement.

Per Sgt. H...the grievant is speaking about the mandatory 3152 suicide prevention screening guidelines which clearly states that if an inmate replies yes to any question marked with *** The area supervisor is to notify mental health immediately and also notify the watch commander, if inmate refuses to answer questions marked the same it is also an immediate call to mental health and mental health speaks with the inmate and determines if inmate is going to go into an observation cell or is ok/cleared to be put into a SHU cell.

Date Returned to Inmate: JUL 0 1 2020

IGRC Members: _____

Chairperson: _____

Return within 7 calendar days and check appropriate boxes.*

[X] I disagree with IGRC response and wish to appeal to Superintendent.

[ ] I agree with the IGRC response and wish to appeal to the Superintendent.

[ ] I have reviewed deadlocked responses. Pass-Thru to Superintendent.

[ ] I apply to the IGP Supervisor for review of dismissal.

Signed: _Anthony Ruggeri_ _July 3, 2020_
Grievant                          Date

_____  Grievance Clerk's Receipt _____  Date

**To be completed by Grievance Clerk.**

Grievance Appealed to the Superintendent: _____
                                            Date

Grievance forwarded to the Superintendent for action: _____
                                                        Date

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO. A-1054-20 | | DATE FILED 6/15/2020 |
|---|---|---|---|
| | FACILITY Attica Correctional Facility | | POLICY DESIGNATION Institutional |
| INMATE GRIEVANCE PROGRAM | TITLE OF GRIEVANCE Facility policy | | CLASS CODE 24 |
| SUPERINTENDENT | SUPERINTENDENT'S SIGNATURE *Pat Cmlh FPS* | | DATE 7/9/20 |
| GRIEVANT          Ruggiero, A. | DIN 99A4419 | | HOUSING UNIT RB-CE-8 |

The grievant asserts that he does not agree with the facility policy regarding suicide prevention.

Contrary to the grievant's assertions, this is not a facility policy it is a departmental policy.  Form 3152-Suicide Prevention Screening form state that if an inmate refuses to answer a question marked with a *** staff must make an immediate referral to OMH.  The determination is then made by OMH staff not security staff.  It is also noted by the grievant's own admission in the written complaint that he refused to answer the question.

The grievant is advised that monetary damages are not an available remedy through the inmate grievance program.

Based on the investigation, the decision of the IGRC is upheld and the grievance appeal is denied.

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

The "Policy" is a violation of my 14th Amendment Rights. Involuntary Commitment To A Mental Institution

_____          July 15, 2020
GRIEVANT'S SIGNATURE                              DATE

_____          _____
GRIEVANCE CLERK'S SIGNATURE                        DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

Ruggiero 99A4419 Great Meadow

| | Grievance Number A-1054-20 | Desig./Code I/24 | Date Filed 06/15/20 |
|---|---|---|---|
| NEW YORK STATE **Corrections and Community Supervision** | Associated Cases | | Hearing Date 12/17/20 |
| ANDREW M. CUOMO Governor    ANTHONY J. ANNUCCI Acting Commissioner | Facility Attica Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance SHU Admission Policy | | |

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is denied.

CORC asserts that the inmate grievance program provides incarcerated individuals with an orderly, fair, simple, and expeditious method for resolving grievances for which there is no avenue for redress or correction. However, the grievant's specific action requested seeks a remedy which is not available through CORC review.

CORC asserts that monetary damages are not an available remedy through the inmate grievance mechanism.  In addition, CORC notes that the grievant was transferred on 7/31/20

CORC notes that, pursuant to Directive #4040 § 701.6 (b), no reprisals of any kind shall be taken against an incarcerated individual or employee for good faith utilization of this grievance procedure. An incarcerated individual may pursue a complaint that a reprisal occurred through the grievance mechanism.

SMM/ral

--------------------------------------------------------------------------------
--------------------------------------------------------------------------------

This document has been electronically signed by Shelley M. Mallozzi

# ATTACHMENT C

July 3, 2020

Inmate Grievance Resolution Committee
Attica Correctional Facility,

Anthony Ruggiero *99A4417 RB CE-8

Description of Problem: I am
grieving the Attica SHU handcuff
blanket policy that All inmates
are kept hand cuffed behind their
backs during the Hearing process.
    I am kept locked inside of an
iron cage. The cage is surrounded
by Plexi-glass on the outside.
There is a hatch cut out in the
door which can be opened and
closed for the purpose of
applying and removing hand
cuffs. In addition there is
a video-camera inside the cage
pointing right at me. I am
unable to manipulate and consult
with my paperwork and conduct
my defense. There are ready
alternatives to the arbitrary,
unconstitutional policy, such
as cuffing me in the front
with a waist chain. This policy

pg. 2

is designed to put an inmate in duress and prevent him from conducting his defense.

This is a violation of my 14th Amendment Due Process Rights.

Action Requested: OSI Investigation. Monetary compensation for the violation of my 14th Amendment Rights.

How is a person supposed to defend themselves at any type of judicial proceeding without the ability to consult, manipulate or review any of the paperwork related to the proceedings.

Grievant Signature
Anthony Ruggiero #9N4419

cc- File

FORM 2131E (REVERSE) (9/12)

**Response of IGRC:** Grievance is DENY:
   Grievant is advised that the Inmate Grievance Program is not an outlet for monetary compensation, damages, or reimbursement.
Per Sgt. H...in the SHU all inmates have mechanical restraints applied behind the back to exit the cell, if the hearing Lieutenant or Captain wants an inmate cuffed from the front with the waist chain that is done prior to inmate going into the hearing room.

AUG 06 2020

Date Returned to Inmate: _____    IGRC Members: _Sgt C. Mann_

Chairperson: _____                _____

                                            _____

Return within 7 calendar days and check appropriate boxes.*

[X] I disagree with IGRC response and wish to appeal to Superintendent.

[ ] I agree with the IGRC response and wish to appeal to the Superintendent.

[ ] I have reviewed deadlocked responses. Pass-Thru to Superintendent.

[ ] I apply to the IGP Supervisor for review of dismissal.

Signed: _Anthony Ruggia_          _August 10, 2020_
                Grievant                          Date

_____    Grievance Clerk's Receipt    _____
                                                        Date

**To be completed by Grievance Clerk.**

Grievance Appealed to the Superintendent: _____
                                                  Date

Grievance forwarded to the Superintendent for action: _____
                                                              Date

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO. A-1203-20 | | DATE FILED 7/6/2020 |
|---|---|---|---|
| | FACILITY Attica Correctional Facility | | POLICY DESIGNATION Institutional |
| **INMATE GRIEVANCE PROGRAM** **SUPERINTENDENT** | TITLE OF GRIEVANCE Cuff policy | | CLASS CODE 24 |
| | SUPERINTENDENT'S SIGNATURE | | DATE 8/21/20 |
| GRIEVANT Ruggiero, A. | | DIN 99A4419 | HOUSING UNIT ORLEANS SHU200 |

The grievant asserts that he should not be cuffed in the back.

The grievant is advised that per facility policy all inmates are cuffed from behind prior to exiting their cells. If the hearing officer requests the grievant be cuffed in the front it is done prior to the inmate entering the hearing room. If an inmate is cuffed from behind it is noted on the hearing record sheet that he is unable to sign due to restraints. There is no provision requiring an inmate to be uncuffed during his disciplinary hearing.

Based on the investigation, the decision of the IGRC is upheld and the grievance appeal is denied.

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

I rely on the assertions contained in my original grievance as the bases of my Appeal.

_Anthony Ruggiero_
GRIEVANT'S SIGNATURE

August 28, 2020
DATE

GRIEVANCE CLERK'S SIGNATURE

DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

Ruggiero, A 99A4419 Great Meadow

| | Grievance Number A-1203-20 | Desig./Code 1/24 | Date Filed 07/06/20 |
|---|---|---|---|
| **NEW YORK STATE** **Corrections and Community Supervision** | Associated Cases | | Hearing Date 01/28/21 |
| ANDREW M. CUOMO Governor    ANTHONY J. ANNUCCI Acting Commissioner | Facility **Attica Correctional Facility** | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance **Cuff Policy** | | |

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is denied.

CORC asserts that the inmate grievance program provides incarcerated individuals with an orderly, fair, simple, and expeditious method for resolving grievances for which there is no avenue for redress or correction. However, the grievant's specific action requested seeks a remedy which is not available through CORC review.

CORC asserts that no reprisals of any kind shall be taken against an incarcerated individual or employee for good faith utilization of this grievance procedure, in accordance with Directive #4040, § 701.6 (b). An incarcerated individual may pursue a complaint that a reprisal occurred through the grievance mechanism.

CORC asserts that monetary damages are not an available remedy through the IGP, and notes that he was transferred on 7/31/20.

SMM/jna

---

---

This document has been electronically signed by Shelley M. Mallozzi.

<u>July 15, 2020</u>

APPEAL TO COMMISSIONER
SUPERINTENDENT'S HEARING

Anthony Ruggiero * 99A4419
currently housed at the Attica Corr.
Fac. SHU, appeals the Hearings
completed on July 10, 2020.
    The bases of my appeal are
as follows:


    My 14th Amendment Due Process
Rights to conduct a defense were
violated when I was secured
in side of an iron cage, with
4 sides and a roof. the cage
surrounded by plexi-glass on
the outside. The door of the
cage has a hatch cut out in
the door which can be opened
for the sole purpose of
removing and applying hand-
cuffs.
    And AS A BLANKET POLICY
I WAS LEFT HANDCUFFED
BEHIND MY BACK AND

pg. 2 Superintendent
Hearings 7-10-20

PREVENTED FROM CONSULTING,
REVIEWING AND MANIPULATING
THE PAPERWORK RELATED TO THE
CHARGES AND MY DEFENSES.
    I had 2 Directives, 2 Reports,
Multiple Extensions, Written
Notes and Questions For Wit-
nesses. Inside the cage there
is not even a table - but a
6 in. × 8 in. piece of sheet
metal to lay papers on.
    Defendant CHO Finnerty
alleged that the "Policy" is
For "Safety & Security."
I suggested that I be hand-
cuffed in front w/ waistchain-
denied. I then requested
my employee assistant be
called to help me manipulate
my paperwork - that was
denied.
    This "policy" is intended
to keep inmates UNDER
PRESSURE AND DURESS
AND TO PREVENT AN INMATE

pg. 3    Superintendent
          Hearings 7-10-20

FROM CONDUCTING A DEFENSE.
  Additionally, plaintiff has
documented nerve damage in
his right arm and hand,
which exacerbated & compounded
any attempt or ability to
manipulate my paperwork
while handcuffed behind my
back.

    Please listen to the Hearing
recording. I request that
both hearings Be Reversed
And Expunged.

                    Anthony Ruggee
                    Anthony Ruggiero
                    # 99A4419


cc: File

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050

ANTHONY J. ANNUCCI
ACTING COMMISSIONER

JAMES O'GORMAN
DEPUTY COMMISSIONER
CORRECTIONAL FACILITIES

REVIEW OF SUPERINTENDENT'S HEARING

NAME: RUGGIERO, ANTHONY                    NO. 99A4419

HEARING FACILITY: ATTICA

ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT
LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF
JULY 10, 2020,     HAS BEEN REVIEWED AND AFFIRMED ON AUGUST 19, 2020.

*REPORT OF CO CARROW, INCIDENT OF 6/5/2020 @ 7:28PM*

_____A. RODRIGUEZ_____
ACTING DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM

CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES

APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050

ANTHONY J. ANNUCCI
ACTING COMMISSIONER

JAMES O'GORMAN
DEPUTY COMMISSIONER
CORRECTIONAL FACILITIES

REVIEW OF SUPERINTENDENT'S HEARING

NAME:  RUGGIERO, ANTHONY                    NO.  99A4419

HEARING FACILITY:  ATTICA

ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT
LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF
JULY 10, 2020,      HAS BEEN REVIEWED AND AFFIRMED ON JULY 28, 2020.

_____D. VENETTOZZI_____
DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM

CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES

APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.

# ATTACHMENT

# D

FORM 2131E (9/12)   STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

*DOUBLE SIDED*
*NEED COPIES*

# INMATE GRIEVANCE COMPLAINT

Code 24 Meal Times

Grievance No. 91191-20

ATTICA _____ CORRECTIONAL FACILITY

Date: July 1, 2020

Name: Anthony Ruggiero   Dept. No.: 99A4419   Housing Unit: RB-CE-8

Program: SHU _____ AM _____ PM

**(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)***

Description of Problem: (Please make as brief as possible) SHU staff continuously serve the food when I am in the exercise cage. They take the lid off the tray, leave it on my bed and it sits there open to the air, dust, bacteria germs, in the midst of a viral pandemic, cell door remains open, traffic. for a half hour to 45 min. Food gets cold, Hot cereal gets congealed. Spoke to block Sgt. about it, nothing changes.

RECEIVED

Grievant Signature: Anthony Ruggie

Grievance Clerk: _____   Date: JUL 0 2 2020
ATTICA CORR. FACILITY
INMATE GRIEVANCE

Advisor Requested   ☐ YES   ☑ NO   Who: _____

Action requested by inmate: Schedule the exercise around meal distribution, Not During Meal distribution - It is done intentionally - another Attica tactic.

The Grievance has been formally resolved as follows: _____

_____

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature: _____   Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

**Response of IGRC:** Grievance is DENIED.

Per Directive #4040 §701.5 (b)(2)(ii)(a) this grievance was heard in absentia because the grievant is in SHU/Long Term Keep Lock.

Per Sgt. S...he explained to the grievant that chow must be served as soon as possible after its arrival in the SHU, as per FCM 3.404 VIII A 2 b. The recreation program is also a morning program, in order to get all the inmates out to the exercise yard that desire to go, they must utilize all the time in the morning that they can. The timing of when the grievant goes to yard and when chow is served may not always work to his favor. Sgt. S...told him that if he wants a hot meal he may have to forgo the yard.

Date Returned to Inmate: _____     IGRC Members: _____

Chairperson: _____

Return within **7** calendar days and check appropriate boxes.*

[X] I disagree with IGRC response and wish to appeal to Superintendent.

[ ] I have reviewed deadlocked responses. Pass-Thru to Superintendent.

[ ] I agree with the IGRC response and wish to appeal to the Superintendent.

[ ] I apply to the IGP Supervisor for review of dismissal.

Signed: _Anthony Rugge_          _July 17, 2020_
          Grievant                        Date

_____          _____
Grievance Clerk's Receipt                Date

---

**To be completed by Grievance Clerk.**

Grievance Appealed to the Superintendent: _____
                                            Date

Grievance forwarded to the Superintendent for action: _____
                                                        Date

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO.<br>A-1191-20 | | DATE FILED<br>7/2/2020 |
|---|---|---|---|
| | FACILITY<br>Attica Correctional Facility | | POLICY DESIGNATION<br>Institutional |
| INMATE GRIEVANCE PROGRAM<br><br>SUPERINTENDENT | TITLE OF GRIEVANCE<br>Meal times | | CLASS CODE<br>24 |
| | SUPERINTENDENT'S SIGNATURE<br>*P. Gille FPS* | | DATE<br>*8/4/20* |
| GRIEVANT<br>Ruggiero, A. | DIN<br>99A4419 | | HOUSING UNIT<br>ORLEANS SHU200 |

The grievant asserts that meals are served while he is at recreation.

Sgt. S... provided a written response asserting that meals are served as soon as they are delivered to SHU and at times there are inmates that are still out to recreation. He asserts the procedure has been changed and that inmates that are in recreation will be served their meal upon returning to their cell.

It is noted that the grievant has been transferred and should address any SHU concerns with the SHU Sgt. at his current facility.

Based on the investigation, the decision of the IGRC is upheld and the grievance appeal is denied.

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

They run exercise intentionally, right before the food is issued AS A DETTERENT NOT TO GO TO EXERCISE LESS WORK!

*Anthony Ruggiero*

| GRIEVANT'S SIGNATURE | | August 13, 202 |
| | | DATE |
| GRIEVANCE CLERK'S SIGNATURE | | DATE |

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

Ruggiero, A 99A4419 Great Meadow

| NEW YORK STATE Corrections and Community Supervision | Grievance Number A-1191-20 | Desig./Code I/24 | Date Filed 07/02/20 |
|---|---|---|---|
| | Associated Cases | | Hearing Date 01/14/21 |
| ANDREW M. CUOMO Governor    ANTHONY J. ANNUCCI Acting Commissioner | Facility Attica Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Change Meal Times | | |

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED FOR MOOTNESS

Upon full hearing of the facts and circumstances in the instant case, the grievant's action requested is hereby denied, as CORC considers the issue moot.

CORC notes that Directive #4040, § 701.3 requires that "An inmate must be personally affected by the policy or issue he or she is grieving, or must show that he or she will be personally affected by that policy or issue unless some relief is granted or changes made."

CORC notes that the grievant was transferred on 7/31/20. Due to this change in circumstances, the grievant is no longer personally affected by the issues raised in the instant complaint.

Accordingly, the matter is now closed.

SMM/jna

------------------------------------------------------------------------
------------------------------------------------------------------------

This document has been electronically signed by Shelley M. Mallozzi

ATTACHMENT

E

June 23, 2020

To: S. White, Deputy Superintendent
For Security

From: Anthony Ruggiero *99A4419
RB-CE-8 cell

RE: Appeal of Cell-Shield Renewal
dated: 6-19-2020 to 6-26-2020

Now I notice a new fabricated
allegation: "On 6-14-20 you spit
at the class while staff was (sic)
in front of your cell." Written on
the Renewal. I have been in
prison 23 years - never been
accused or convicted of
spitting on anyone, o-k.
Again I request the shield
be removed, It is preventing
all air circulation. temperatures
are past 90 degrees and I
endure "sauna-like" condi-
tions as an effect of the
shield.

cc: File

Anthony Ruggiero
Anthony Ruggiero *99A4419

June 27, 2020

To: S. White, Deputy Superintendent
For Security

From: Anthony Ruggiero #99A4419 RB CE-8

RE: Appeal of Cell Shield Renewal
Dated: 6-26-2020 - 7-04-2020

I come out for exercise, fresh air
and sunlight almost every day.
I come out of my cell every time
they run showers 3 days a week.
I come out of my cell to attend
the Superintendent's Hearing when-
ever I have to.
Question: What Is Preventing Me
From SPITTING ON STAFF when
I am Outside My Cell ???
It is for this reason that I allege
the Cell-Shield is used at Attica C.F.
as an arbitrary unconstitutional
punishment. The cell becomes an
Un-Ventilated Hot Box when Temps.
rise above 90 degrees. No circulation
whatsoever. Again, I request
You Remove The Cell-Shield.

Anthony Ruggiero

cc: File



**Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

**TO:**      Ruggiero 99A4419 (RB-CE-8)

**FROM:**   S. White, Deputy Superintendent for Security

**DATE:**   6/25/20

**SUBJECT:** Your letter

---

I have received your 6/23/20 request to have your cell shield removed; your request is denied. It will be reviewed by the Superintendent every week for renewal.

cc: DSS, inmate

---

MM INDICATES DATA IS MISSING.
T  INDICATES TRACE AMOUNT.

&&

...SEARING AND PERSISTENT SUMMER HEAT...

RELENTLESS HEAT WAS UPON WESTERN NEW YORK THROUGH THE MONTH
OF JULY,
AND FOR THE FIRST TIME IN RECORDED HISTORY, A MONTH FEATURED
EVERY
DAY`S TEMPERATURE AVERAGING 70F OR GREATER. THE PINNACLE OF
THE HEAT
WAVE WAS EARLY IN THE MONTH WHEN THE TEMPERATURE SOARED TO
98F/9TH
AND 97F/10TH...WITH THESE VALUES BEING THE 2ND (TIED) AND
4TH (TIED)
WARMEST TEMPERATURES MEASURED IN 150 YEARS WORTH OF RECORDS
AT
BUFFALO. A DRY GROUND AIDED IN THE BUILDING HEAT EARLY IN
THE MONTH,
THOUGH SEVERAL BOUTS OF THUNDERSTORMS AND RAIN MID MONTH
ONWARD
ALLOWED VEGETATION TO FRESHEN.

THE TEMPERATURE AVERAGED 77.6F IN JULY. THIS IS THE WARMEST
ALL-TIME
MONTHLY TEMPERATURE ON RECORD, AND EXCEEDED THE PREVIOUS
WARMEST
JULY ON RECORD BY 1.4 DEGREES FAHRENHEIT. FROM JULY 3RD TO
JULY 10
THE MAXIMUM TEMPERATURE REACHED INTO THE 90S EVERY DAY...AND
THESE 8
CONSECUTIVE 90 DEGREE DAYS BROKE THE FORMER LONGEST STRETCH
OF
CONSECUTIVE 90 DEGREE DAYS BY 1 (7-DAYS JULY 1988). THE
`COOLEST`
TEMPERATURE THIS MONTH WAS ONLY 63F. THERE HAS NEVER BEEN A
MONTH
BEFORE THAT FAILED TO DIP TO AT LEAST 62F ON RECORD. THERE
WERE 3
RECORD DAILY MAXIMUM TEMPERATURES ESTABLISHED, 94F/7TH (OLD
94F/1988), 98F/9TH (OLD 92F/1988) AND 97F/10TH (OLD
95F/1988). THERE
WERE ALSO THREE RECORD WARM MINIMUM TEMPERATURES SET,
76F/8TH (OLD
74F/1921), 76F/10TH (OLD 76F/1897), 74F/27TH (OLD 74F/1949).

These data are preliminary and have not undergone final quality control by the National Climatic Data Center (NCDC). Therefore, these data are subject to revision. Final and certified climate data can be accessed at the NCDC - http://www.ncdc.noaa.gov.

## Climatological Report (Monthly)

```
000
CXUS51 KBUF 031345
CLMBUF

CLIMATE REPORT
NATIONAL WEATHER SERVICE BUFFALO NY
924 AM EDT WED JUL 1 2020


. . . . . . . . . . . . . . . . . . . . . . . . . . . .

...THE BUFFALO NY CLIMATE SUMMARY FOR THE MONTH OF JUNE
2020...

CLIMATE NORMAL PERIOD 1981 TO 2010
CLIMATE RECORD PERIOD 1871 TO 2020
```

| WEATHER YEAR`S DATE(S) | OBSERVED | | NORMAL | DEPART | LAST |
|---|---|---|---|---|---|
| | VALUE | DATE(S) | VALUE | FROM NORMAL | VALUE |

```
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . .
TEMPERATURE (F)
RECORD
 HIGH           97    06/29/1933
 LOW            36    06/11/1972
HIGHEST         90    06/10                                86
06/28
                                                              06
/24
LOWEST          42    06/14                                44
06/04
                                                              06
/03
AVG. MAXIMUM    76.8              75.3    1.5    74.1
AVG. MINIMUM    57.5              57.3    0.2    56.3
MEAN            67.1              66.3    0.8    65.2
DAYS MAX >= 90  1                  0.5    0.5     0
```

```
CLIMATE REPORT
NATIONAL WEATHER SERVICE BUFFALO NY
141 PM EDT SAT AUG 1 2020


.................................

...THE BUFFALO NY CLIMATE SUMMARY FOR THE MONTH OF JULY
2020...

CLIMATE NORMAL PERIOD 1981 TO 2010
CLIMATE RECORD PERIOD 1871 TO 2020

WEATHER          OBSERVED          NORMAL  DEPART  LAST
YEAR`S                                     FROM
                 VALUE    DATE(S)  VALUE           VALUE
DATE(S)
                                           NORMAL
.....................................................
....
TEMPERATURE  (F)
RECORD
  HIGH          98    07/09/2020
  LOW           43    07/11/1945
HIGHEST         98R   07/09                         90
07/10
LOWEST          63    07/05                         55
07/09
                                                         07
/01
AVG. MAXIMUM    86.4            79.9    6.5    82.3
AVG. MINIMUM    68.9            62.3    6.6    65.6
MEAN            77.6            71.1    6.5    74.0
DAYS MAX >= 90   8              1.1    6.9     1
DAYS MAX <= 32   0              0.0    0.0     0
DAYS MIN <= 32   0              0.0    0.0     0
DAYS MIN <= 0    0              0.0    0.0     0

PRECIPITATION (INCHES)
RECORD
  MAXIMUM       8.93   1992
  MINIMUM       0.15   1933
TOTALS          3.42            3.23    0.19    1.83
DAYS >= .01      9                              8
DAYS >= .10      6                              5
DAYS >= .50      2                              2
DAYS >= 1.00     1                              0
GREATEST
```

# ATTACHMENT

# F

1200 A/C

<u>July 3, 2020</u>

Inmate Grievance Resolution Committee
Attica Correctional Facility
Anthony Ruggiero #99A4419   RB-CE-8

Description of Problem: The dental depart-
ment refuses to treat me. Over 9 months
ago I had a tooth pulled. The dentist
identified a filling need for a cavity,
and I was also supposed to be fitted
for partial dentures. I wrote in Dec.
about a call-out for these issues and
received a response (form) that I
would be "called in turn." Now it
has been 6 more months - No Call-
out. The cavity has gotten worse,
and I have trouble chewing my
food - I ~~choke~~ on my food.

Action Requested: Request immediate
dental call-out so my dental needs
are addressed. They always leave you
with pain & degeneration, and never
provide treatment Before it is
too late.

Grievant Signature,
Anthony Ruggiero

cc: File

FORM 2133 (REVERSE) (9/12)

**Response of IGRC:** Grievance is DENIED.
Per Directive #4040 §701.5 (b)(2)(ii)(a) this grievance was heard in absentia because the grievant is in SHU/Long Keep Lock.
Grievant did have a tooth extracted on 8/14/19 and was placed on lists for cleaning and filling. His name did not up on the lists prior to COVID restrictions. Dental are currently seeing only urgent/emergent cases at this time, vant will be called for further treatment when up on the lists as allowed by state restrictions.

Date Returned to Inmate: _____          IGRC Members: _____

Chairperson _____                         _____

Return within 7 calendar days and check appropriate boxes.*

☒ I disagree with IGRC response and wish to appeal to Superintendent.

☐ I have reviewed deadlocked responses. Pass-Thru to Superintendent.

☐ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I apply to the IGP Supervisor for review of dismissal.

Signed: _Anthony Ruggie_          _July 17, 2020_
         Grievant                      Date

_____                    _____
Grievance Clerk's Receipt              Date

_____

**To be completed by Grievance Clerk.**

Grievance Appealed to the Superintendent: _____
                                              Date

Grievance forwarded to the Superintendent for action: _____
                                                         Date

An exception to the time limit may be requested under Directive #4040, section 701.6(g).

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO. A-1200-20 | DATE FILED 7/3/2020 |
|---|---|---|
| | FACILITY Attica Correctional Facility | POLICY DESIGNATION Institutional |
| **INMATE GRIEVANCE PROGRAM** **SUPERINTENDENT** | TITLE OF GRIEVANCE Dental appointment | CLASS CODE 21 |
| | SUPERINTENDENT'S SIGNATURE *Far Call FB* | DATE 7/23/20 |
| GRIEVANT Ruggiero, A. | DIN 99A4419 | HOUSING UNIT RB-CE-8 |

The grievant asserts that he needs a dental appointment.

DDS T... provided a response asserting that the grievant had a tooth extracted on 8/14/19 and was placed on the cleaning and filling lists. The grievant was not reached on the list prior to the COVID restrictions. Dental is currently restricted to urgent and emergent cases at this time.

The grievant will be called upon being reached on the respective lists. The grievant is reminded to address dental concerns via dental sickcall.

Based on the investigation, the decision of the IGRC is upheld and the grievance appeal is denied.

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

I rely on my original grievance as the bases of my appeal.

_Anthony Ruggie_
GRIEVANT'S SIGNATURE

7-25-2020
DATE

_____
GRIEVANCE CLERK'S SIGNATURE

_____
DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

Ruggiero, A 99A4418 Great Meadow

| NEW YORK STATE Corrections and Community Supervision | Grievance Number A-1200-20 | | Desig./Code I/21 | Date Filed 07/03/20 |
|---|---|---|---|---|
| | Associated Cases | | | Hearing Date 12/17/20 |
| ANDREW M. CUOMO Governor    ANTHONY J. ANNUCCI Acting Commissioner | Facility Attica Correctional Facility | | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Dental Appointment For Cavity/Dentures | | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, and upon recommendation of the Dental Director, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the grievant was placed on the appropriate waiting list for routine treatment and he will receive treatment when his name is reached.  CORC asserts that dental treatment is based on priority and staff resources; emergency care has top priority, followed by essential and routine care. CORC advises him that dental staff determine the course of treatment.

With respect to the grievant's appeal, CORC finds insufficient evidence of improper dental care or malfeasance by staff.  He should address further dental matters via sick call at his current facility.

HLK/
--------------------------------------------------------------------------------
--------------------------------------------------------------------------------

This document has been electronically signed by Shelley M. Mallozzi

# ATTACHMENT G

1200

July 3, 2020

Inmate Grievance Resolution Committee
Attica Correctional Facility
Anthony Ruggiero *99A4419  RB-CE-8

Description of Problem: The dental depart-
ment refuses to treat me. Over 9 months
ago I had a tooth pulled. The dentist
identified a filling need for a cavity,
and I was also supposed to be fitted
for partial dentures. I wrote in Dec.
about a call-out for these issues and
received a response (form) that I
would be "called in turn". Now it
has been 6 more months - No Call-
out. The cavity has gotten worse,
and I have trouble chewing my
food - I choke on my food.

Action Requested: Request immediate
dental call-out so my dental needs
are addressed. They always leave you
with pain & degeneration, and never
provide treatment Before it is
too late.

Grievant Signature,
Anthony Ruggiero

cc: file

FORM 2143E (REVERSE) (9/12)

**Response of IGRC:** Grievance is DENIED.

Per Directive #4040 §701.5 (b)(2)(ii)(a) this grievance was heard in absentia because the grievant is in SHU/Long Keep Lock.

Grievant did have a tooth extracted on 8/14/19 and was placed on lists for cleaning and filling. His name did not ~~come~~ up on the lists prior to COVID restrictions. Dental are currently seeing only urgent/emergent cases at this time, ~~Grie~~vant will be called for further treatment when up on the lists as allowed by state restrictions.

Date Returned to Inmate: _____        IGRC Members: _____

Chairperson _____

Return within 7 calendar days and check appropriate boxes.*

☒ I disagree with IGRC response and wish to appeal to Superintendent.

☐ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I have reviewed deadlocked responses. Pass-Thru to Superintendent.

☐ I apply to the IGP Supervisor for review of dismissal.

Signed: *Anthony Ruggie*        July 17, 2020
            Grievant                              Date

_____ Grievance Clerk's Receipt        _____ Date

**To be completed by Grievance Clerk.**

Grievance Appealed to the Superintendent: _____
                                                                    Date

Grievance forwarded to the Superintendent for action: _____
                                                                                    Date

An exception to the time limit may be requested under Directive #4040, section 701.6(g).

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO. A-1200-20 | DATE FILED 7/3/2020 |
|---|---|---|
| | FACILITY Attica Correctional Facility | POLICY DESIGNATION Institutional |
| **INMATE GRIEVANCE PROGRAM** **SUPERINTENDENT** | TITLE OF GRIEVANCE Dental appointment | CLASS CODE 21 |
| | SUPERINTENDENT'S SIGNATURE _Per Colla FRS_ | DATE 7/23/20 |
| GRIEVANT Ruggiero, A. | DIN 99A4419 | HOUSING UNIT RB-CE-8 |

The grievant asserts that he needs a dental appointment.

DDS T… provided a response asserting that the grievant had a tooth extracted on 8/14/19 and was placed on the cleaning and filling lists. The grievant was not reached on the list prior to the COVID restrictions. Dental is currently restricted to urgent and emergent cases at this time.

The grievant will be called upon being reached on the respective lists. The grievant is reminded to address dental concerns via dental sickcall.

Based on the investigation, the decision of the IGRC is upheld and the grievance appeal is denied.

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

I rely on my original Grievance as the bases of my appeal.

_Anthony Ruggie_                                      7-25-2020
GRIEVANT'S SIGNATURE                                  DATE

_____                              _____
GRIEVANCE CLERK'S SIGNATURE                           DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

Ruggiero, A 99A4418 Great Meadow

| NEW YORK STATE Corrections and Community Supervision | Grievance Number A-1200-20 | Desig./Code I/21 | Date Filed 07/03/20 |
|---|---|---|---|
| | Associated Cases | | Hearing Date 12/17/20 |
| ANDREW M. CUOMO Governor    ANTHONY J. ANNUCCI Acting Commissioner | Facility Attica Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Dental Appointment For Cavity/Dentures | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, and upon recommendation of the Dental Director, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the grievant was placed on the appropriate waiting list for routine treatment and he will receive treatment when his name is reached. CORC asserts that dental treatment is based on priority and staff resources; emergency care has top priority, followed by essential and routine care. CORC advises him that dental staff determine the course of treatment.

With respect to the grievant's appeal, CORC finds insufficient evidence of improper dental care or malfeasance by staff. He should address further dental matters via sick call at his current facility.

HLK/
-------------------------------------------------------------------------------------------------------------------------
-------------------------------------------------------------------------------------------------------------------------

This document has been electronically signed by Shelley M. Mallozzi

December 9, 2019                    Attica

To: Facility Dentist
    "URGENT"

From: Anthony Ruggiero #99A4419
                        D-42-7

RE: PARTIAL DENTURES/CAVITY
    AND CLEANING

Several months ago you pulled out a lower left molar. You told me I have a cavity, I need a cleaning AND MOST IMPORTANTLY I NEED PARTIAL DENTURES.

I have been waiting patiently for THIS NEXT CALL-OUT. AND NOTHING.

I cannot chew my food thoroughly. And depending on what is being served in the messhall, I cannot break down the food - SO I DON'T EAT.

# Attica Correctional Facility

## Dental Department

To **Ruggiero, A.**                    Date **DEC 1 0 2019**

Number **99A4419**

Block **D** Company **42** Cell **7**

## Dental Clinic Response

1. You have been scheduled for a callout to the Dental Clinic.

2. You have been placed on a treatment list and will be called in turn for a ___X___ filling, _____ cleaning, ___X___ dentures, _____ exam.

3. You are already on the list from a previous request and must wait your turn.

4. Please describe your problem on a new form and send it to the Dental Clinic.

5. There is no need to send further requests.

6. OTHER _____

**UNITED STATES DISTRICT COURT**


<u>**WESTERN DISTRICT OF NEW YORK**</u>

**ANTHONY RUGGIERO ,**

                    **Plaintiff ,**


                    -v-                              <u>**23-cv-0229(JLS)**</u>


**DONALD D. ROGERS , et a;. ,**

_____ **Defendants_____**


## <u>CERTIFICATE OF SERVICE</u>

The Plaintiff , Anthony Ruggiero , pursuant to 28 U.S.C. Section 1746 declares under penalty of perjury:

    That I have mailed THE ORIGINAL signed in ink , and 10 copies of plaintiff's FIRST AMENDED COMPLAINT in accordance with the Court's Decision and Order signed on June 12, 2024 (Dkt, No.5) , by depositing same in a pre-paid priority mail EXPRESS (overnight mail) mailing service  effectuated by the United States Postal Service , by plaintiff delivering same to the United States Post Office  located in Valley Stream , New York for delivery to the Chief Clerk of the United States District Court for the Western District of New York 2 Niagara Square , Buffalo , New York 14202  on the date indicated below.


Dated: July 27, 2024                          Very truly yours,

                                             *Anthony Ruggiero*

                                   ANTHONY RUGGIERO ,

                                   PLAINTIFF PRO SE

                                   400 Flower Road , Apt. 9B

                                   Valley Stream , New York 11581

**July 27, 2024**

To: Hon. Mary C. Loewenguth Chief Clerk

    United States District Court

    Western District of New York

    2 Niagara Square

    Buffalo New York 14202


From: Anthony Ruggiero

    400 Flower Road , Apt.9B

    Valley Stream , New York 11581

    Phone: 929-658-1379


RE: ANTHONY RUGGIERO V. DONALD D. ROGERS , et al.,

    <u>23-cv-0229(JLS)</u>    <u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

Dear Chief Clerk Ms.Loewenguth,

    Enclosed please find The Original and 10 copies with attachments of PLAINTIFF'S FIRST AMENDED COMPLAINT.

Very truly yours,

Anthony Ruggiero , Plaintiff Pro se





**UNITED STATES POSTAL SERVICE** ®

**PRIORITY MAIL EXPRESS** ®

EI 210 061 438 US

**CUSTOMER USE ONLY**

**FROM:** (PLEASE PRINT)    PHONE ( )

Anthony Ruggiero
400 Flower Rd.
Apt. 9 B
Valley Stream N.Y.
11580

**DELIVERY OPTIONS** (Customer Use Only)

☐ **SIGNATURE REQUIRED** Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
   *Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT)    PHONE ( )

Chief Clerk
US District Court
Western District
of New York Buffalo NY

ZIP + 4® (U.S. ADDRESSES ONLY)
1420?

**PAYMENT BY ACCOUNT** (if applicable)
USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day   ☐ 2-Day   ☐ Military   ☐ DPO

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 11580 | 7/29/24 | $ 93.90 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time ☐ 6:00 PM | Insurance Fee $ | COD Fee $ |
|---|---|---|---|
| 7/27/24 | | | |

| Time Accepted 9:20 ☐ AM ☐ PM | | Return Receipt Fee $ | Live Animal Transportation Fee $ |
|---|---|---|---|

| Special Handling/Fragile $ | Sunday/Holiday Premium Fee $ | Total Postage & Fees |
|---|---|---|
| | | 93.99 |

| Weight 8 lbs. 3.4 ozs. | ☐ Flat Rate | Acceptance Employee Initials NJ | $ |
|---|---|---|---|

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY) | Time | Employee Signature
| | ☐ AM